J-S38013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FELIX VAZQUEZ | : | |
| | : | |
| Appellant | : | No. 2926 EDA 2016 |

Appeal from the PCRA Order August 31, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001787-2012

BEFORE:   GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED JUNE 20, 2017**

Appellant, Felix Vazquez, appeals *pro se* from the order entered in the Chester County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546. On June 28, 2012, Appellant entered a negotiated guilty plea to one count of possession with intent to deliver ("PWID").  That same day, the court sentenced Appellant to 9-20 years' imprisonment.  Appellant did not seek further review, so the judgment of sentence became final on July 28, 2012.

Appellant filed the current *pro se* PCRA petition on February 22, 2016. The PCRA court appointed counsel, who filed an amended PCRA petition on June 23, 2016.  The PCRA court issued Rule 907 notice and dismissed the petition on August 31, 2016.  Appellant timely filed a *pro se* notice of appeal. The PCRA court ordered Appellant to file a Rule 1925(b) statement, which

_____

*Former Justice specially assigned to the Superior Court.

Appellant timely filed *pro se* on September 26, 2016. On October 4, 2016, PCRA counsel filed a Rule 1925(c)(4) statement of intent to file a *Turner/Finley*[1] brief. Appellant filed in this Court, on December 5, 2016, a *pro se* motion, in which Appellant requested a *Grazier* hearing so he could proceed *pro se* on appeal. On January 1, 2017, this Court remanded this case to the PCRA court to conduct a *Grazier* hearing, which the PCRA court held on March 23, 2017. Following the hearing, the PCRA court determined Appellant had waived counsel for purposes of this appeal.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a

---

[1] *See Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 550 A.2d 213 (1988).

petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." ***Commonwealth v. Chambers***, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant's judgment of sentence became final on July 28, 2012, when the time to file a direct appeal expired. ***See*** Pa.R.A.P. 903. Appellant filed the current petition on February 22, 2016, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception to the PCRA time bar by citing ***Alleyne v. U.S.***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). ***Alleyne*** was decided on June 17, 2013. Appellant filed his petition well beyond 60 days after the ***Alleyne*** decision. ***See*** 42 Pa.C.S.A. § 9545(b)(2), ***supra***. Further, neither the U.S. Supreme Court nor the Pennsylvania Supreme Court has held that ***Alleyne*** or its progeny apply retroactively on collateral review. ***See Commonwealth v. Miller***, 102 A.3d 988 (Pa.Super. 2014) (holding that even if ***Alleyne*** announced new constitutional right, neither our Supreme Court nor United States Supreme Court has held that ***Alleyne*** applies retroactively, which is fatal to appellant's attempt to satisfy "new constitutional right" exception to timeliness requirements of PCRA). ***See also Commonwealth v. Washington***, ___ Pa. ___, 142 A.3d 810 (2016) (holding ***Alleyne*** does not apply retroactively on collateral review to challenge sentences which became final before ***Alleyne*** was decided).

Therefore, Appellant's petition remains time barred, and the PCRA court lacked jurisdiction to review it. ***See Turner, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/20/2017